THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| MARK PULSIPHER, | ) | Case No. 2:06CV00837 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION<br>AND ORDER |
| MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### I.  INTRODUCTION

Plaintiff Mark Pulsipher filed an application for Social Security benefits alleging a disability beginning on February 1, 1987, due to headaches, decreased equilibrium, loss of depth perception, loss of cognitive abilities, decreased concentration, and decreased memory with irritability. (Tr. 131).  Plaintiff was born on September 29, 1965 and was twenty-one years of age at the time of his alleged onset of disability.  (Tr. 91).

After a hearing, an administrative law judge ("ALJ") concluded at step five of the five-part sequential evaluation process, *see* 20 C.F.R. § 416.920, *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), that Plaintiff was not disabled because he could perform other jobs in the national economy.  His request for review was denied by the Appeals Council.  He now seeks judicial review of

the decision of the Commissioner of Social Security denying his claim for benefits.

Plaintiff contends that the ALJ erred in that: (1) she failed to find that his headaches are a severe impairment; (2) she improperly evaluated his credibility; (3) she improperly determined his residual functional capacity; and (4) she did not meet her burden of proof at step five of the sequential evaluation, and her findings regarding his ability to perform other work are not supported by substantial evidence.

## II.  STANDARD OF REVIEW

The Court reviews the ALJ's decision only to determine if the factual findings are supported by substantial evidence and if she applied the correct legal standards.  *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289 (10th Cir. 1995). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation and citation omitted).  The Court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995).

### III.  DISCUSSION

### A. Evaluation of Plaintiff's Headaches

The Court rejects Plaintiff's first claim that the ALJ improperly evaluated his headaches in determining that they did not constitute a severe impairment.

At step two of the sequential evaluation, Plaintiff must show that he suffers from an "impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  As the Commissioner notes, although step two requires only "de minimis" proof of an impairment, Plaintiff "must show more than the mere presence of a condition or aliment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997).  "Thus, when Congress codified the severity requirement in the regulation, it noted that a claimed 'physical or mental impairment must be of a nature and degree of severity sufficient to justify its consideration as the cause of failure to obtain any substantial gainful work.'"  *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003)(citation omitted).

The Court agrees with the Commissioner that even though Plaintiff complained of debilitating headaches, he failed to demonstrate that his headaches substantially limited his ability to

3

engage in basic work activities.  The record reflects that after Dr. Call's notation regarding Plaintiff's headaches in 1990, Plaintiff did not seek medical attention for headaches for nearly three years. (*See* Tr. 150).  *See Luna v. Bowen*, 834 F.2d 161, 165-66 (10th Cir. 1987)(ALJ may consider the nature and frequency of treatment sought when assessing the intensity of a claimant's pain symptoms).  In 1993 it was opined that Plaintiff's headaches were exacerbated by extreme stress in his personal life.  (Tr. 149).  The objective medical evidence from 1993 and again in 2004 referred to Plaintiff's headaches as slight or intermittent.  (Tr. 221, 268).  Although Plaintiff testified to severe headaches, his medical history reflects no use or only occasional and sporadic use of prescription medication for headache. (*See e.g.* Tr. 163, 171, 178, 183, 227, 231, 260, 282).  In October of 2005 Plaintiff reported that he took only over-the-counter medication for his headaches. (Tr. 260).  At his hearing before the ALJ he testified that he took nothing for his headaches, they just went away on their own. (Tr. 326).  *See Campbell v. Bowen*, 822 F.2d 1518, 1522 (10th Cir. 1987)(lack of prescription pain medication was inconsistent with claimant's complaints of pain).  When asked when his headaches began, Plaintiff testified that he had always had headaches, but could not remember if he had them "since childhood" or "before the accident." (Tr. 327).  *See Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990)(claimant who worked with long-term

stable impairments could not claim them disabling).  Other than Plaintiff's own testimony and reports that his headaches caused him to miss work, no evidence of record establishes that Plaintiff's failure to work was caused by his headaches.

In sum, the record can reasonably be viewed as supporting the ALJ's evaluation that Plaintiff's headaches are not a sever impairment.

**B.  Evaluation of Plaintiff's Credibility**

Plaintiff's next contention, that the ALJ improperly evaluated his credibility, is also rejected.  Specifically, Plaintiff contends that the ALJ's analysis of his credibility "fails to actually consider the factors required, to explain why the ALJ concluded that specific complaints were not credible or to link the explanation to the evidence. (Pl['s] Br. p.14)

"'Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence.'" *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)(quoting *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990)).

The ALJ was not required to set forth "a formalistic factor-by-factor recitation of the evidence" she relied on in evaluating Plaintiff's credibility. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). "So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility", the credibility determination is adequate. *Id*. If the ALJ disbelieved claimant's allegations, she must explain what evidence led her to conclude the claimant's allegations were not credible. *Kepler v. Chater*, 68 F. 3d. 387, 391 (10th Cir. 1995). It appears to this Court that the ALJ did exactly that (Tr. 20-21) and the Court finds nothing amounting to legal error.

The ALJ states that she considered the evidence of record and concluded that the evidence reasonably could be expected to produce "symptoms such as headaches, memory loss, confusion, loss of depth perception, decreased concentration and increased irritability." (Tr. 20). However, the ALJ states she did not find Plaintiff's "statements concerning the intensity, duration and limiting effects of these symptoms [to be] entirely credible." (*Id*.)

The record evidence reflects that although Plaintiff had a history of a 1987 motor vehicle accident resulting in a head injury, which required surgery, a CT scan of Plaintiff's head taken in 1988 showed healed fractures and no atrophy other than the post-

traumatic encephalomalacia. (Tr. 152). Plaintiff did not return to his neurosurgeon again until 1993 at which time examination revealed normal motor and sensory functioning, with the exception of increased deep tendon reflexes in the right arm and leg. (Tr. 147-48). The frequency of medical contacts may be considered in evaluating credibility. *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988). An April 1993 MRI revealed no abnormalities of the brain in addition to the bifrontal encephalomalacia related to Plaintiff's 1987 head trauma. (Tr. 151). In summarizing the medical evidence, the ALJ noted that Dr. Sorensen found in May 1993, that Plaintiff, with the exception of some residual neurological findings from his previous accident, which included decreased vision in the upper outer quadrant of his right eye and some increased deep tendon reflexes in the right arm and leg, did not have any other "finding" and that the recent MRI failed to show any evidence of recent difficulty. (Tr. 21, 148).

Ms. Jackson, a licensed clinical social worker, who treated Plaintiff in April of 1993 with biofeedback and relaxation therapy for his complaints of headaches, noted that Plaintiff showed above-normal surface EMG reading, and that his headaches were exacerbated by extreme stress in his personal life. (Tr. 149).

In June 1999, Plaintiff denied any "significant" medical problems or the use of any prescription medication. (Tr. 183). *See Campbell*, 822 F. 2d at 1522 (lack of prescription pain medication was inconsistent with claimant's complaints of pain).

Although Plaintiff also alleges disability due to mental problems associated with his 1987 accident, the ALJ noted, and the record supports, that there are significant gaps in his treatment for mental impairments. (Tr. 21-22). *See Huston*, 838 F.2d at 1132 (the frequency of medical contacts may be considered in evaluating credibility).

The ALJ also noted in assessing Plaintiff's credibility that "a review of [Plaintiff's] earnings record revealed [he] worked only sporadically prior to the alleged disability onset date, which raises a question as to whether the claimant's continuing unemployment is actually due to medical impairments." (Tr. 21). *See Bean v. Chater*, 77 F.3d 1210, 1213 (10th Cir. 1995)(a claimant's prior work record can be considered in evaluating credibility).

The ALJ also noted that Plaintiff's complaints of disabling symptoms and limitations were contradicted by his report that he got his son off to school, ran errands, performed household chores, shopped for groceries, watched television, and read scriptures and

the newspaper. (Tr. 20, 113-115).  *See White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2002)(the nature of daily activities may be considered in evaluating credibility).

Because the ALJ's finding of credibility is supported by substantial evidence of record, Plaintiff's argument must be rejected.

### C.  ALJ's Assessment of Residual Functional Capacity

Plaintiff next contends that the ALJ improperly determined his residual functional capacity.  Specifically, he complains that "the ALJ's assessment appears as a conclusion (See Tr. 20.), with no reasoning and no citation of specific facts.  This makes it impossible for the Court to review the process to determine whether the ALJ was following correct legal standards."  Pl['s] Br. P. 16.

The Court disagrees.  (*See generally* Tr. 20-25)  The ALJ stated that she considered all of the evidence, including Plaintiff's symptoms and opinion evidence in determining his residual functional capacity.  The ALJ found that although Plaintiff suffered from some pain and other limitations associated with his impairments, she also found that Plaintiff was not precluded from all work activity. (Tr. 21).  "[D]isability requires more than mere inability to work without pain.  'To be disabling,

pain must be so sever, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment.'" *Brown v. Bowen*, 801 F.2d 361, 362-63 (10th Cir. 1986)(citation omitted).

The Court concludes that substantial evidence supports the ALJ's finding regarding Plaintiff's residual functional capacity.

### D.   Step Five Evaluation

Finally, the Court also rejects Plaintiff contention that the ALJ failed to properly include limitations from his headaches in the hypothetical question to the vocational expert and, thus, could not rely on the vocational expert's testimony. Because the ALJ properly found that Plaintiff's testimony regarding his pain and other symptoms was not credible, the ALJ was not required to include them in the hypothetical question to the vocational expert. *See Jordan v. Heckler*, 835 F.2d 1314, 1317 (10th Cir. 1987).

### IV.   CONCLUSION

Because, the record contains substantial evidence from which the Commissioner reasonably could conclude that Plaintiff was not disabled within the meaning of the Social Security Act, and for the forgoing reasons, as well as generally for the reasons set for by

the Commissioner in his opposition brief, the decision of the Commissioner as to the Plaintiff Mark Pulsipher is affirmed.

DATED this 6th  day of September, 2007.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT